Jeffrey L. Hartman, Esq. #1607
**HARTMAN & HARTMAN**
499 West Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 324-2800
Facsimile: (775) 324-1818

Attorney for Junel J. Bacigalupo

RECEIVED AND FILED

2004 AUG 12 PM 2:50

UNITED STATES
BANKRUPTCY COURT
PATRICIA GRAY, CLERK

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

IN RE:

JUNEL J. BACIGALUPO,

    Debtor.
_____/

JUNEL J. BACIGALUPO,

    Plaintiff,

vs.

HARMONEY TRUST, SOVEREIGN REDEMPTION TRUST, VISIONARY TRUST, DEAN OF LIGHT TRUST, BIG ROCK RANCH TRUST, SOUL QUEST TRUST, LIGHTHOUSE RETREAT TRUST, THE CARLSON TRUST, MARLON DEAN CARLSON individually and in his capacity as Trustee of THE CARLSON TRUST, DIANE BILOTTI, individually and in her capacity as Trustee of THE CARLSON TRUST, JUDI JANET GOLDEN, WILLIAM DALE WELLESLEY, individually and in his capacity as Trustee of the HARMONEY TRUST, SOVEREIGN REDEMPTION TRUST, VISIONARY TRUST, DEAN OF LIGHT TRUST, BIG ROCK RANCH TRUST, SOUL QUEST TRUST, LIGHTHOUSE RETREAT TRUST

    Defendants.
_____/

CASE NO.   BK-N-04-51416-GWZ

CHAPTER   7

Adversary Proceeding No.

**COMPLAINT FOR DECLARATORY JUDGMENT QUIETING TITLE**

Junel Jean Bacigalupo ("Bacigalupo"), complains of Harmoney Trust, Sovereign Redemption Trust, Visionary Trust, Dean of Light Trust, Big Rock Ranch Trust, Soul Quest Trust, Lighthouse Retreat Trust, The Carlson Trust, Marlon Dean Carlson,

1   individually and in his capacity as Trustee of The Carlson Trust, Diane Bilotti, individually
2   and in her capacity as Trustee in The Carlson Trust, Judi Janet Golden, and William Dale
3   Wellesley, individually and in his capacity as Trustee of the Harmoney Trust, Sovereign
4   Redemption Trust, Visionary Trust, Dean of Light Trust, Big Rock Ranch Trust, Soul
5   Quest Trust, Lighthouse Retreat Trust as follows:

## PARTIES

1. Bacigalupo is a resident of the State of Nevada, County of Washoe.

2. Bacigalupo is informed and believes and thereon alleges that at all times relevant, Defendant Harmoney Trust purported to be a 'Pure Trust Organization organized under the common law of the Republic of Nevada' (Defendant Harmoney").

3. Bacigalupo is informed and believes and thereon alleges that at all times relevant, Defendant Sovereign Redemption Trust purported to be a 'Pure Trust Organization organized under the common law of the Republic of Nevada' ("Defendant Sovereign").

4. Bacigalupo is informed and believes and thereon alleges that at all times relevant, Defendant Visionary Trust purported to be a 'Pure Trust Organization organized under the common law of the Republic of Nevada' (Defendant Visionary").

5. Bacigalupo is informed and believes and thereon alleges that at all times relevant, Defendant Dean of Light Trust purported to be a 'Pure Trust Organization organized under the common law of the Republic of Nevada' (Defendant Dean of Light").

6. Bacigalupo is informed and believes and thereon alleges that at all times relevant, Defendant Big Rock Ranch Trust purported to be a 'Pure Trust Organization organized under the common law of the Republic of Nevada' (Defendant Big Rock").

7. Bacigalupo is informed and believes and thereon alleges that at all times relevant, Defendant Soul Quest Trust purported to be a 'Pure Trust Organization organized under the common law of the Republic of Nevada' (Defendant Soul Quest").

8. Bacigalupo is informed and believes and thereon alleges that each of Defendant Harmoney, Defendant Sovereign, Defendant Visionary, Defendant Dean of Light, Defendant Big Rock and Defendant Soul Quest was purportedly formed on or about January

1  30, 2003 by a resident of Washoe County, Nevada Marlon Dean Carlson ("Defendant
2  Carlson").

3      9. Bacigalupo is informed and believes and thereon alleges that at all times relevant,
4  Defendant Diane Bilotti is a resident of the State of Oregon residing in the town of Canby
5  ("Defendant Bilotti").

6      10. Bacigalupo is informed and believes and thereon alleges that at all times
7  relevant, The Carlson Trust purported to be a 'Pure Trust Organization, organized under the
8  common law of the Republic of Nevada or Utah' ("Defendant Carlson Trust").

9      11. Bacigalupo is informed and believes and thereon alleges that at all times
10  relevant, Defendants Carlson and Bilotti were, and are, trustees of The Carlson Trust.

11      12. Bacigalupo is informed and believes and thereon alleges that at all times
12  relevant, Defendant Judi Janet Golden was and is a resident of Washoe County, Nevada and
13  purported to be the 'Creator' of each of Defendant Harmoney, Defendant Sovereign,
14  Defendant Visionary, Defendant Dean of Light, Defendant Big Rock and Defendant Soul
15  Quest ("Defendant Golden").

16      13. Bacigalupo is informed and believes and thereon alleges that at all times
17  relevant, Defendant Lighthouse Retreat Trust Company, purportedly organized under the
18  laws of the Grant Turks, purported to be the Trustee of Defendant Harmoney, Defendant
19  Sovereign, Defendant Visionary, Defendant Dean of Light, Defendant Big Rock and
20  Defendant Soul Quest ("Defendant Lighthouse").

21      14. Bacigalupo is informed and believes and thereon alleges that at all times
22  relevant, Defendant William Dale Wellesley was and is a resident of Washoe County,
23  Nevada and was the Trustee for Defendant Lighthouse ("Defendant Wellesely").

## JURISDICTION

25      15. The Court had jurisdiction over this matter by reason of 28 U.S.C. §§ 157
26  and 1334.

27      16. This is a core proceeding by reason of 28 U.S.C. §157(b)(2)(A) through (O).

28      17. Plaintiff consents to entry of final judgment by this Court.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully stated herein.

19. Prior to her marriage to Defendant Carlson in early 2003, Bacigalupo owned fee title to a residence located on approximately 10 acres of land located at 1105 Mineral Flat Road, Reno, Nevada (the "Property").

20. For purposes not relevant to this Complaint, Defendant Carlson persuaded Bacigalupo to transfer title to the Property to one or more of the Defendant Trusts.

21. No consideration was given to Bacigalupo in exchange for transfer of title to the Property.

22. Bacigalupo is informed and believes and thereon alleges that Defendant Wellesley and/or Defendant Lighthouse purported to name Bacigalupo as a successor trustee to the Harmoney Trust.

23. Bacigalupo is informed and believes and thereon alleges that in combination or in whole, each of Defendants may claim an interest in the Property.

24. On or about June 24, 2004, Defendant Harmoney purported to grant title to Bacigalupo by executing a Warranty Deed.

25. Bacigalupo has attempted to sell the Property; however, the prospective purchaser was unable to obtain an owner's policy of title insurance based upon possible interest in the Property held or claimed to be held by Defendant Harmoney, Defendant Sovereign, Defendant Visionary, Defendant Dean of Light, Defendant Big Rock and Defendant Soul Quest, Defendant Lighthouse, Defendant Golden, Defendant Wellesley, Defendant Carlson and Defendant Bilotti.

26. Bacigalupo claims to be entitled to the legal and equitable fee title to the Property.

## CLAIM FOR DECLARATORY JUDGMENT

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully stated herein.

 

1    28. Each of Defendants Lighthouse, Golden, Wellesley, Bilotti and Carlson individually, or in their capacity as representatives of Defendants Harmoney, Sovereign, Visionary, Dean of Light, Big Rock and Soul Quest claims an interest in the Property.

29. By reason of these conflicting claims, and her inability to sell the Property, Plaintiff Bacigalupo is in great jeopardy of losing her legal and equitable interest in the property, in the form of equity over and above existing indebtedness.

WHEREFORE Plaintiff Bacigalupo prays for judgment in her favor declaring and determining her right to fee title to the Property and further declaring and determining that Defendants, and each of them, have no interest in the Property. Plaintiff Bacigalupo prays for such other and further relief as is just in the premises.

DATED this 12th day of August, 2004.

HARTMAN & HARTMAN

Jeffrey L. Hartman, Esq.
Attorney for Plaintiff

| B104<br>(Rev. 8/87) | ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | Adversary Proceeding Number<br>(Court Use Only) | |
|---|---|---|---|
| **PLAINTIFFS**<br>JUNEL J. BACIGALUPO | | **DEFENDANTS**<br>Harmoney Trust, Sovereign Redemption Trust, Visionary Trust, Dean of Light Trust, Big Rock Ranch Trust  Soul Quest Trust, Lighthouse Retreat Trust, The Carlson Trust, Marlon Dean Carlson, individually and in his capacity as Trustee of The Carlson Trust, Diane Bilotti, individually and in her capacity as Trustee of The Carlson Trust, Judi Janet Golden, William Dale Wellesley, individually and in his capacity as Trustee of the Harmoney Trust, Sovereign Redemption Trust, Visionary Trust, Dean of Light Trust, Big Rock Ranch Trust,  Soul Quest Trust, Lighthouse Retreat Trust | |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Jeffrey L. Hartman, Esq.<br>499 West Plumb Lane, suite 202<br>Reno, Nevada 89509<br>(775) 324-2800 | | ATTORNEYS (If Known) | |

**PARTY** (Check one box only)     ☐ 1 U.S. PLAINTIFF     ☐ 2 U.S. DEFENDANT     ✓ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Court has jurisdiction over this matter by reason of 28 U.S.C. §§157 and 1334. This is a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A) through (O).

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 454 | To Recover Money or Property | ☐ 455 | To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ✓ 456 | To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | | |
| ☐ 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 | To obtain an injunction or other equitable relief | ☐ 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 | To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 | Other (specify) |

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | ✓ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND<br>$ | OTHER RELIEF SOUGHT | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR  JUNEL J. BACIGALUPO | | BANKRUPTCY CASE NO. 04-51416-GWZ | |
|---|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Nevada | DIVISIONAL OFFICE | | NAME OF JUDGE<br>Judge Gregg Zive |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | | ☑ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|---|
| DATE 8/12/04 | PRINT NAME<br>Jeffrey L. Hartman, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jeffrey L. Hartman | | |

B-104
(Rev. 8/87)

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**